**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IAN ABERLE, | § | |
| | § | |
| VS. | § | **NO. A-19-CV-1066-RP** |
| | § | |
| GP CLUBS, LLC | § | |

<u>**REPORT AND RECOMMENDATION**</u>

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Motion for Default Judgment (Dkt. No. 9).  The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I.  BACKGROUND

Plaintiff Ian Aberle is a professional photographer who licenses his photographs to media outlets for a fee.  Dkt. No. 1 at ¶ 5.  At issue is a specific photograph Aberle took of Sixth Street in Austin, Texas (the "Photograph") containing a watermark identifying Aberle as the photographer. *Id.* at ¶¶ 7, 8; Dkt. No. 1-1.  Aberle is the author and sole owner of the Photograph. Dkt. No. 1 at ¶ 9.  On October 30, 2019, Aberle registered the Photograph with the United States Copyright Office, where the Photograph was given registration number VA 2-075-200.  *Id.* at ¶ 10; Dkt. No. 1-4. Defendant GP Clubs, LLC is a limited liability company organized and existing under the laws of Texas with its place of business in Austin, Texas.  Dkt. No. 1 at ¶ 6.  GP Clubs owns and operates a website at the URL: www.GalvanPro.com (the "Website").  *Id.*

Aberle alleges that on the Website, GP Clubs featured the Photograph without a license, permission, or consent from Aberle.  *Id.* at ¶ 14; *see* Dkt. No. 1-2.  Aberle claims that GP Clubs' actions were willful, intentional, and purposeful.  Dkt. No. 1 at ¶ 16. Aberle also alleges GP Clubs

intentionally and knowingly removed the watermark from the Photograph which indicated his ownership. *Id.* at ¶¶ 21, 22; *see* Dkt. No. 1-2.

Aberle filed this suit on October 31, 2019. *See* Dkt. No. 1. After GP failed to respond to proper service, Aberle filed a Request for Entry of Default (Dkt. No. 8) which the Clerk entered on January 13, 2020 (Dkt. No. 10). Aberle now seeks entry of default judgment in his favor on the issues of liability and statutory damages of $30,000 for copyright infringement under 17 U.S.C. § 501 and $10,000 in statutory damages for violation of 17 U.S.C. § 1202(b) for removal and/or alteration of copyright management information against GP Clubs. Dkt. No. 9. Aberle's motion further seeks attorney's fees and costs in the amount of $2,550 and $440 pursuant to 17 U.S.C. § 505 and for post-judgment interest under 28 U.S.C.A. § 1961. *Id.*

## II. LEGAL STANDARD

Under FED. R. CIV. P. 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of the court, the plaintiff may apply for a judgment based on such default. *Id.* A party is not entitled to a default judgment as a matter of right, however, even where the defendant technically is in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A default judgment, "must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The well-pleaded allegations in the complaint are assumed to be true, except regarding damages. *Nishimatsu*, 515 F.2d at 1206. Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### III.  ANALYSIS

Courts have developed a three-part test to determine whether a default judgment should be entered. First, the court considers whether the entry of default judgment is procedurally warranted. *Nasufi v. King Cable Inc.*, 2017 WL 6497762, * 1 (N. D. Tex. 2017) (citing *Lindsey*, 161 F.3d at 893). Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for the judgment. *Id.* at * 2. Last, the court determines what relief, if any, the plaintiff should receive. *Id.*

### A.      Default is Procedurally Warranted

First, the Court considers whether the entry of default judgment is procedurally warranted. The factors relevant to this inquiry include: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey*, 161 F.3d at 893. The Court finds that all of these factors have been met in this case.

Because GP Clubs has not filed an answer or any responsive pleadings in this case, there are no material facts in dispute. *See Nishimatsu Constr.*, 515 F.2d at 1206. Second, GP Clubs' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, at *3 (S.D. Tex, Oct. 5, 2011). Third, the grounds for default are "clearly established," as GP Clubs has not responded to any of the proceedings in this case. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011). Fourth, there is no evidence to indicate that GP Clubs's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Aberle seeks

only the relief to which he is entitled under the law, mitigating the harshness of a default judgment against GP Clubs.  Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by GP Clubs.  Therefore, the Court concludes that default judgment is procedurally warranted.

**B.     Liability**

Next, the Court must assess the substantive merits of Aberle's claims.  *Nishimatsu*, 515 F.2d at 1206.  In doing so, courts are to assume that by its default, the defendant admits all well-pleaded facts in the plaintiff's complaint.  *Id.*

**1.       Copyright Act Claim**

To establish a claim for copyright infringement, Aberle must prove that: (1) he owns a valid copyright, and (2) GP Clubs copied constituent elements of Aberle's work that are original. *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017).  The Court finds that Aberle has adequately established both elements of his copyright infringement claim. First, Aberle has a valid copyright for the Photograph as established by the registration attached to the Complaint. Dkt. No. 1-3.  Second, Aberle established (without any subsequent rebuttal) that without consent or permission, GP Clubs reproduced and publicly displayed the Photograph on its Website. Dkt. No. 1 at ¶¶ 14-16.  Supporting that allegation, Aberle has attached as an exhibit to the Complaint a screenshot of the Website displaying the Photograph.  Dkt. No. 1-2.  Accordingly, Aberle is entitled to a default judgment on his copyright infringement claim.

**2.       Digital Millennium Copyright Act Claim**

The Digital Millennium Copyright Act, 17 U.S.C. § 1202 ("DMCA"), prohibits doing any of the following "without the authority of the copyright owner or the law" and with knowledge or reasonable grounds to know that it will "induce, enable, facilitate, or conceal" infringement:

(1) intentionally remove or alter any copyright management information,

(2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or

(3) distribute ... works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law.

17 U.S.C. § 1202(b).

To state a valid claim under the DMCA, a plaintiff must allege: (1) the existence of copyright management information ("CMI") on the products at issue; (2) removal and/or alternation of that CMI; and (3) that the removal or alternation was done intentionally. *Aaberg v. Francesca's Collections, Inc.*, 2018 WL 1583037, at *6 (S.D.N.Y. Mar. 27, 2018). As relevant here, the statutory definition of CMI includes: (1) "The name of, and other identifying information about, the author of a work," 17 U.S.C. § 1202(c)(2); (2) "The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright," *id.* § 1202(c)(3); and (3) "Identifying numbers or symbols referring to such information or links to such information," *id.* § 1202(c)(7).

The Court finds that Aberle has adequately established his DMCA claim. First, the copy of the Photograph attached to the Complaint presumptively established (without any subsequent rebuttal) that the Photograph contained a watermark identifying Aberle as the photographer. Dkt. No. 1-1. The watermark constitutes CMI according to the statutory definition under the DMCA. *See* 17 U.S.C. § 1202(c)(2). Second, Aberle alleges that without consent or permission, GP Clubs removed the watermark and reproduced and publicly displayed the Photograph on its Website. Dkt.

5

No. 1 at ¶¶ 21-25.  Supporting that allegation, Aberle has attached as an exhibit to the Complaint a screenshot of the Website displaying the Photograph without the watermark.  Dkt. No. 1-2.  These allegations, which are taken as true after default, are sufficient to establish GP Clubs' liability on Aberle's DMCA claim.

## C.      Damages

Lastly, the Court must determine what form of relief, if any, Aberle is entitled to receive in this case.  Courts have found that if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary to determine damages.  *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).  The Court finds that it is appropriate to determine damages this matter based on the written record.

### 1. Copyright Act Claim

The Copyright Act provides for either actual or statutory damages at the election of the plaintiff. The plaintiff must prove the amount of actual damages or seek statutory damages in a "sum of not less than $750 or more than $30,000 as the court considers just" for each work for which a copyright has been infringed.  17 U.S.C. § 504(c)(2).  Where the infringement was willful, courts are authorized to increase the statutory damages award to any amount up to $150,000 for each work involved. *Id.*  Courts enjoy wide discretion in awarding damages within the statutory range.  *Playboy Enters., Inc. v. Webbworld, Inc.*, 968 F. Supp. 1171, 1176 (N.D. Tex. 1997).  "Among the factors a court may consider in setting [the award] are: the expenses saved and profits reaped by the infringer, the deterrent effect of the award . . ., and the infringer's state of mind in committing the infringement." *Id.*

In this case, Aberle elects to pursue statutory damages and requests the Court award the maximum amount of $30,000.  Dkt. No. 9.  Aberle offers no proof of actual damages.  Rather,

6

Aberle argues that statutory damages can be awarded without evidence demonstrating profit by the defendant or loss by the plaintiff. Dkt. No. 9-1 at ¶¶ 14-16. Aberle is not wrong. *Statutory Corp. v. Gaines*, 310 F.2d 647 (5th Cir. 1962). However, while there "need not be a direct correlation between statutory damages and actual damages," it has generally been held that "the statutory award should bear some relation to actual damages suffered." *Philpot v. Music Times LLC*, 2017 WL 9538900, at *5 (S.D.N.Y. Mar. 29, 2017). In light of the deterrent purpose of statutory damages, courts in this Circuit frequently award statutory damages in amounts that are between two and three times the license fee refused by the defendant. *EMI Apr. Music Inc. v. Jet Rumeurs, Inc.,* 632 F. Supp. 2d 619, 625 (N.D. Tex. 2008).

In cases similar to the one at hand, courts have found awards closer to the statutory minimum of $750 to be more appropriate. For example, in *Downs v. Yeshiva World News, LLC*, the court entered a default judgment in the plaintiff's favor when a defendant published plaintiff's copyrighted photos on its website without the plaintiff's authorization. 2019 WL 1261406, *2 (E.D.N.Y. Feb. 1, 2019). Like Aberle, the plaintiff sought $30,000 per infringement, but did not provide any information to support seeking the maximum award available for a non-willful infringement. *Id.* at *2-3. When the court found that plaintiff submitted "no evidence to distinguish this case from a case in which the minimum statutory award would be justified solely by virtue of the fact of infringement," it awarded the minimum statutory damages of $750 per infringed work. *Id.* at *3. Similarly, in *Mantel v. Smash.com Inc.*, the court awarded $2,500 statutory damages for copyright infringement of one photograph where the plaintiff provided no evidence of actual damages. 2019 WL 5257571, at *3; *see also Philpot*, 2017 WL 9538900, at *9-10 (finding that where defendant made no showing of any actual damages, $2,500 per infringement for unauthorized use of two

photographs "would [ ] be sufficient to punish [d]efendant for its willful infringement and to deter others from engaging in similar conduct in the future").

The Court has considered the factors for assessing statutory damages outlined above and finds that an award of $30,000 is excessive in this matter. Aberle has provided no evidence that would justify such a substantial amount for a single photograph. In the Court's opinion, an award of $2,500 is sufficient to deter GP Clubs and the public at large from engaging in this type of infringement. Accordingly, the Court recommends the District Court award Aberle $2,500 in statutory damages under the Copyright Act.

**2.      DMCA Claim**

Aberle also seeks damages for GP Clubs' removal of the watermark in violation of the DMCA. Civil plaintiffs injured because of a DMCA violation may seek either actual damages or statutory damages of $2,500 to $25,000 per infringement. 17 U.S.C. § 1203(c). In determining statutory damages, courts consider several factors, including "the difficulty of proving actual damages, the circumstances of the violation, whether [the defendant] violated the DMCA intentionally or innocently, and deterrence." *Agence Fr. Presse v. Morel*, 2014 WL 3963124, at *10 (S.D.N.Y. Aug. 13, 2014).

Aberle seeks statutory damages of $10,000 in connection with his DMCA claim. Dkt. No. 9. Aberle's $10,000 request is premised solely on the fact that "[c]ourts have recently awarded $10,000 in statutory damages for a defaulting defendant's violation of § 1202(b) of the DMCA." Dkt. No. 9-1 at ¶ 19. Aberle submits several orders from the Southern District of New York, each awarding $10,000 in statutory damages. Dkt. No. 9-1. However, none of those orders have any information about the circumstances of the violation. They are, thus, of limited value to the Court in setting damages in this case. Notably, the Court can find just as many cases where lower amounts

were awarded by the same court. *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 378 (S.D.N.Y. 2019) (awarding $5,000 statutory damages under the DMCA); *Romanowicz v. Alister & Paine, Inc.*, 2018 WL 4762980, at *6 (S.D.N.Y. Aug. 3, 2018) (awarding $2,500); *Reilly v. Commerce*, 2016 WL 6837895, at *12 (S.D.N.Y. Oct. 31, 2016) (awarding $5,000).

Aberle has established by way of default that GP Clubs' actions were willful. However, the Court finds no other circumstances that are aggravating. The Photograph was not featured on the main page of GP Clubs' Website, and appears to have been taken down.[1]  Having considered the relevant factors, the Court recommends awarding the minimum statutory damages of $2,500 for the one violation alleged. This recommendation is based on the difficulty of proving actual damages and the fact that GP Clubs could have easily licensed the Photograph from Aberle. At the same time, the Court takes into consideration that Aberle's submissions supporting his request for statutory damages are bare-boned at best. Also, there is no evidence in the record that Aberle's counsel notified GP Clubs in advance of filing this action that GP Clubs was infringing on Aberle's copyright in order to resolve the matter outside of litigation. *Cf. Sheldon v. Plot Commerce,* 2016 WL 5107072, at *17 (E.D.N.Y. Aug. 26, 2016) (awarding maximum statutory damages of $25,000 per DMCA violation where defendant continued to use the photograph despite receiving notice from plaintiff that its conduct represented infringement).

In short, the Court finds that GP Clubs willfully violated the DMCA and, after considering the circumstances of the violation, recommends the District Court award Aberle $2,500 in statutory damages under the DMCA.

---

[1] As of June 4, 2020, the Photograph is no longer displayed on GP Club's Website.  *See* http://galvanpro.com/location/austin-tx/downtown/dirty-six-6th-street/ (last visited June 4, 2020). It is unclear when the screenshot provided by Aberle was taken, and the Court has no information as to when or why the Photograph was removed.

### 3.      Attorney's Fees and Costs

A plaintiff in a copyright infringement suit also may recover full costs and reasonable attorney's fees.  17 U.S.C. § 505.  The total amount of costs and fees a plaintiff may recover is left to the discretion of the court.  *Id.*  When determining whether to award fees under the Copyright Act, courts may consider several nonexclusive factors, including the losing party's "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence."  *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) (alterations and internal quotation marks omitted).  Likewise, the DMCA permits the court, "in its discretion," to award reasonable attorney's fees to the prevailing party in a civil action under section 1202.  *See* 17 U.S.C. § 1203(b)(5).

Should a court decide to award fees, it must ensure that the award is reasonable.  When seeking an attorney's fee award from the district court, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).  Courts employ the "lodestar" method in calculating reasonable attorney's fees, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate.  *See Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010).

Here, Aberle requests $2,550 in attorney's fees.  Dkt. No. 9.  He submits the Declaration of Richard Liebowitz, his counsel, in support of the request.  Dkt. No. 9-1.  Liebowitz informs the Court his hourly rate is $425,[2] indicating that this is "well below what other courts in this district

---

[2] Notably, Liebowitz states conflicting hourly rates—first indicating his rate is $450 per hour (Dkt. No. 9-1 at ¶ 21), then stating it is $425 per hour (Dkt. No. 9-1 at ¶ 22).

have found as reasonable," but fails to cite any cases within the Western District of Texas. Dkt. No. 9-1 at ¶ 22. Rather, Liebowitz cites to a number of cases in New York district courts. *Id.* The reasonableness of Liebowitz's hourly rate should be based on the community in which this Court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 369 (5th Cir. 2002) (the relevant community for determining the market rate is the community where the district court sits). Based on the Court's review of cases in this district, it appears that courts have approved hourly rates of $300 to $395 in copyright cases. *APL Microscopic, LLC v. Greene Techs., LLC*, 2020 WL 2764649, at *6 (W.D. Tex. May 27, 2020) (approving $325 for associate and $395 for partner); *Adobe Sys. Inc. v. SKH Sys., Inc*., 2017 WL 6611513, at *9 (W.D. Tex. Dec. 27, 2017) (approving $300 per hour); *see also* STATE BAR OF TEXAS, 2019 HOURLY FACT SHEET (June 2020) (indicating the 2019 median hourly rate charged by copyright attorneys in the Austin area was $300 per hour). Accordingly, this Court recommends awarding fees at a rate of $390 per hour.

Next the Court considers the number of hours reasonably expended. In calculating what hours were reasonably expended on litigation, the Court should exclude excessive, unnecessary, and redundant hours, and it should also exclude any time spent litigating discrete and unsuccessful claims. *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). Here, Liebowitz has submitted time records with sufficient details including dates, description of the services rendered, and hours expended, indicating a total of 6 hours were expended in this litigation. Dkt. No. 9-1 at p. 6. Accordingly, I recommend awarding a total of $2,340 in attorney's fees for 6.0 hours at an hourly rate of $390.

Aberle also seeks costs of $440. Dkt. No. 9. Section 505 allows the prevailing party to recover its "full costs" incurred in protection of its copyright. 17 U.S.C. § 505. Aberle seeks costs for the court filing fee and the service fee. Dkt. No. 9-1 at p. 6. Such costs are reasonable. *See*

11

*Zimmerman v. Portfolio Recovery Assocs., LLC*, 2013 WL 6508813, at *13 (S.D.N.Y. Dec. 12, 2013). Aberle is therefore entitled to an award of $440 in costs.

**4.      Post-Judgment Interest**

Lastly, Aberle seeks post-judgment interest. Dkt. No. 9. "Post-judgment interest is awarded as a matter of course" under 28 U.S.C. § 1961(a). *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010) (citing 28 U.S.C. § 1961(a)). Given that "district courts do not have the discretion to deny post-judgment interest on monetary judgments," *Paisano Capital SA de CV v. 23 Tex. Produce, Inc*., 2019 WL 3239152, at *5 (N.D. Tex. July 18, 2019), Aberle's request for post-judgment interest should be granted and awarded at the applicable federal rate from the date of judgment until it is paid in full.

## V. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Judge **GRANT** the Plaintiff's Motion for Entry of Default Judgment (Dkt. No. 9) and **ENTER JUDGMENT** in favor of Ian Aberle and against GP Clubs, LLC, in the amount of $7,780.00, representing $5,000.00 in statutory damages, and $2,780.00 in attorney's fees and costs, on all of which postjudgment interest should accrue, at the statutory rate (*see* 28 U.S.C. § 1961) on the date judgment is entered.

## VI.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo

review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of July, 2020.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE